McDougall *vs.* Miln.

Where a bill, in addition to the discovery sought, contains a prayer for general relief, and a replication is filed to the answer, the defendant cannot obtain an order for costs on motion, as upon a mere bill of discovery.

If there is no ground for relief in such a case, the defendant must obtain the usual orders to produce witnesses and to close the proofs, and then bring the cause to a hearing in the usual manner, in order to obtain his costs.

The bill in this cause was filed before the vice chancellor March 1st. of the first circuit, for a discovery of the consideration of two certain bills of exchange on which the complainant had been sued at law. In addition to the prayer for discovery, the bill contained a prayer for general relief. After the defendant had perfected his answer, a replication thereto was filed by the complainant. The defendant then moved for costs, as on a mere bill of discovery. The vice chancellor denied the motion, and directed that the cost of the application abide the event of the suit. From this decision the defendant appealed to the chancellor.

*C. Edwards*, for the appellant.

*D. D. Field*, for the respondent.

The Chancellor. The decision of the vice chancellor in this case is beyond all doubt correct. This is not a bill of discovery, but a bill for relief; as it contains a general prayer to that effect. The proper course therefore for the defendant is to obtain orders to produce witnesses and to close the proofs, and to bring the cause to a hearing in the usual manner. If it then turns out that the complainant is not entitled to any decree against the defendant, and that his bill was improperly filed as a bill for relief, he will of course be decreed to pay the whole costs of the litigation. Whether it is possible for the complainant to make out by evidence a case which will entitle him to any relief upon this bill is a question not necessary now to determine. (See 8 Price, 522.)

The order of the vice chancellor must be affirmed with costs; and the case must be remitted back to him that such further proceedings may be had in the cause as may be necessary.